UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

M C BANK AND TRUST COMPANY                    CIVIL ACTION

VERSUS                                         NO. 16-14311

SUARD BARGE SERVICE, INC.,                    SECTION "R" (2)
ET AL

## ORDER AND REASONS

Before the Court is plaintiff's motion for entry of default judgment.[1] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises out of a loan provided by Plaintiff M C Bank & Trust Company to Defendant Suard Barge Service, Inc.[2] On January 12, 2010, Suard Barge Service, as borrower, executed a term loan agreement for $3,950,000,[3] a promissory note,[4] two commercial security agreements,[5] an assignment of life insurance policy,[6] and a preferred fleet mortgage.[7] The

---

1   R. Doc. 11.
2   R. Doc. 1 at 2-3.
3   R. Doc. 11-3.
4   R. Doc. 11-4.
5   R. Doc. 11-6; R. Doc. 11-7.
6   R. Doc. 11-13 at 3.
7   R. Doc. 11-14.

preferred fleet mortgage granted plaintiff a continuing security interest in certain collateral, including the vessels the M/V Captain Suard and the Suard XXI.[8]

Defendant Premier Services, Inc. served as a guarantor of the January 12, 2010 loan agreement between plaintiff and Suard Barge Service.[9] As guarantor, Premier Services executed the term loan agreement,[10] a commercial security agreement,[11] a commercial guaranty,[12] and a preferred fleet mortgage.[13] The preferred fleet mortgage was executed by Premier Services and granted plaintiff a continuing security interest in certain collateral, including the vessels the Suard 70, the Suard 71, the Suard 72, the Suard 73, the Suard 76, and the Suard XV.[14]

Plaintiff's January 12, 2010 loan to Suard Barge Service was also guaranteed by Defendant Louis O'Neil Suard, Jr. in his individual capacity.[15] Mr. Suard served as president of Suard Barge Service and Premier Services at the time of the loan.[16] Mr. Suard signed the term loan agreement as

---

[8] *Id.* at 2-3.
[9] R. Doc. 1 at 9.
[10] R. Doc. 11-3 at 13.
[11] R. Doc. 11-7.
[12] R. Doc. 11-17.
[13] R. Doc. 11-15.
[14] *Id.* at 1-2.
[15] R. Doc. 1 at 9; R. Doc. 11-3 at 13.
[16] R. Doc. 11-3 at 13.

guarantor[17] and executed a separate commercial guaranty.[18] Under the terms of the commercial guaranty, Mr. Suard guaranteed payment of the full indebtedness of Suard Barge Service to plaintiff.[19] At the time of the January 12, 2010 loan, Mr. Suard had already executed another commercial security agreement to secure an earlier loan from plaintiff to Suard Barge Service.[20] This agreement grants plaintiff a continuing security interest in Mr. Suard's boat, *Awesome*, bearing Louisiana Wildlife and Fisheries registration number LA-1345-EX and decal number 087039-04.[21]

Plaintiff alleges that Suard Barge Service defaulted on the January 12, 2010 loan by failing to make any required monthly payments due on or after April 12, 2015, failing to provide required financial statements, and failing to provide proof of insurance coverage on certain collateral.[22] On May 20, 2015, plaintiff notified Suard Barge Service and Mr. Suard that the loan was in default.[23] On February 1, 2016, plaintiff notified Suard Barge Service, Premier Services, and Mr. Suard by letter of its decision to accelerate the loan

---

[17] R. Doc. 1 at 9; R. Doc. 11-3 at 13.
[18] R. Doc. 1-14.
[19] *Id.* at 1.
[20] R. Doc. 11-5.
[21] *Id.*
[22] R. Doc. 1 at 13-14.
[23] *Id.*; R. Doc. 1-16.

and declare all amounts immediately due and payable.[24]  Suard Barge Service, Premier Services, and Mr. Suard allegedly failed to pay the loan balance.[25]

On August 30, 2016, plaintiff filed a complaint against Suard Barge Service, Premier Services, and Mr. Suard in his individual capacity.[26] Plaintiff also named as defendants eight vessels included as collateral in the preferred fleet mortgages.[27] Plaintiff requests damages in the amount of the unpaid loan principal and interest, as well as costs, attorneys' fees, expenses, and charges associated with the loans.[28]  Plaintiff further requests a judgment recognizing its right to enforce the loan agreement, the promissory note, the preferred fleet mortgages, the security agreements, the life insurance assignment, and the commercial guarantees.[29] Plaintiff also seeks a writ of sequestration.[30]

Mr. Suard executed waivers of service on behalf of all defendants,[31] but defendants did not file a timely answer or responsive pleading in this matter.

---

[24] R. Doc. 1 at 14-15; R. Doc. 1-17.
[25] R. Doc. 1 at 15.
[26] R. Doc. 1.
[27] *Id.* at 2-3.
[28] *Id.* at 19.
[29] *Id.* at 19-20.
[30] *Id.* at 20.
[31] R. Doc. 6.

On November 30, 2016, the clerk entered default against all defendants.[32] On August 30, 2017, Mr. Suard filed an answer generally denying the allegations in the complaint.[33]

On May 9, 2017, Suard Barge Service and Premier Services each filed notices of bankruptcy.[34] The Court stayed this matter as to Suard Barge Service and Premier Services only.[35] On May 19, 2017, the Suard 70, the Suard 71, the Suard 72, the Suard 73, and the Suard 76 were sold and the bankruptcy trustee distributed proceeds from this sale to plaintiff in the amount of $254,587.50.[36]

Plaintiff now seeks a default judgment against Mr. Suard.[37] Mr. Suard has not filed an opposition to this motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55. A

---

[32] R. Doc. 9.
[33] R. Doc. 20.
[34] R. Doc. 13; R. Doc. 14.
[35] R. Doc. 15.
[36] R. Doc. 19 at 2.
[37] R. Doc. 11; R. Doc. 19.

plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the court for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the defendant's default has been entered, the plaintiff may request a default judgment from the court. At this stage, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, "the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* The default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotation omitted).

No party is entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The disposition of a motion for entry of default judgment rests within the sound discretion of the district

6

court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). In deciding whether to grant default judgment, the court will consider factors such as the existence of disputed material facts, the clarity of the grounds for default, whether there has been substantial prejudice, the harshness of a default judgment, whether default was caused by a good faith mistake or excusable neglect, and whether the court would feel obliged to set aside the default on the defendant's motion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Wright et al., *Federal Practice and Procedure*, § 2685 (2d ed. 1983)).

### III. DISCUSSION

#### A. Effect of Bankruptcy Stay

This matter is automatically stayed as to defendants Suard Barge Service and Premier Services because they are in bankruptcy proceedings.[38] *See* 11 U.S.C. § 362(a)(1) (providing for automatic stay of judicial proceedings after bankruptcy petition is filed). This stay also extends to actions to obtain possession of property of the estate or to enforce liens against property of the debtor. *See* 11 U.S.C. § 362(a)(3), (a)(5). The preferred fleet mortgages submitted to the Court indicate that the vessels the M/V Captain Suard and

---

[38] R. Doc. 15.

7

the Suard XXI are property of Suard Barge Service[39] and that the vessels the Suard 70, the Suard 71, the Suard 72, the Suard 73, the Suard 76, and the Suard XV are property of Premier Services.[40] Plaintiff's claims relating to these vessels are therefore also stayed pending the resolution of the bankruptcy proceedings.

This matter has not been stayed as to Defendant Louis O'Neil Suard. *See In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987) (explaining that 11 U.S.C. § 362(a)(1) does not stay proceedings against nonbankrupt codefendants); *In re Babcock & Wilcox Co.*, No. 00-3408, 2001 WL 536305, at *2-3 (E.D. La. 2001). The Court will consider plaintiff's motion for default judgment against Mr. Suard in his individual capacity.

## B. Jurisdiction

Before entering a default judgment, a district court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (internal citations omitted). Judgment entered in the absence of jurisdiction

---

[39] R. Doc. 11-14 at 1-2.
[40] R. Doc. 11-15 at 1-2. As noted above, plaintiff represents that the Suards 70, 71, 72, 73, and 76 have been sold as part of Premier Services' bankruptcy proceedings. *See* R. Doc. 19-1. at 3.

is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain. *Id.*

The Court finds that it has jurisdiction to enter this default judgment. The Court's subject matter jurisdiction is founded upon federal admiralty jurisdiction under 28 U.S.C. § 1333.[41] Preferred ship mortgages fall within federal admiralty jurisdiction. *See United States v. Trident Crusader*, 366 F.3d 391, 394 (5th Cir. 2004); *Jack Neilson, Inc. v. Tug Peggy*, 428 F.2d 54, 57 (5th Cir. 1970). The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. The Court also has personal jurisdiction over Mr. Suard. Mr. Suard waived service of process,[42] and is a resident of Houma, Louisiana.[43]

### C. Entry of Default Judgment

The Court finds that default judgment against Mr. Suard is warranted. The record indicates that Mr. Suard waived service of process[44] but did not timely "plead or otherwise defend himself" in this case. Fed. R. Civ. P. 55(a). The clerk entered default against him on November 30, 2016.[45] Plaintiff

---

[41] R. Doc. 1 at 3.
[42] R. Doc. 6.
[43] R. Doc. 1 at 2; R. Doc. 1-14 at 1.
[44] R. Doc. 6.
[45] R. Doc. 9.

9

moved for entry of default judgment on April 13, 2017.[46] Mr. Suard did not file an answer until August 30, 2017, one year after the filing of plaintiff's complaint.[47] Because the clerk has entered default against Mr. Suard, he cannot contest plaintiff's well-pleaded factual allegations unless his default is set aside. *See Hous. Nat'l Bank*, 515 F.2d at 1206 ("Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law.").

Mr. Suard has neither filed a motion to set aside the entry of default nor otherwise responded to plaintiff's motion for entry of default judgment. In deciding whether default judgment is appropriate, the Court considers whether it "would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. The Court has discretion to set aside a clerk's entry of default for "good cause." *See* Fed. R. Civ. P. 55(c). Factors relevant to good cause include "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63-64 (5th Cir. 1992). The Court need not consider all of these

---

[46] R. Doc. 11.
[47] R. Doc. 20.

factors, and "[w]illful failure alone may constitute sufficient cause for the court to deny" a motion to set aside an entry of default. *Matter of Dierschke*, 975 F.2d 181, 184-185 (5th Cir. 1992); *see also CJC Holdings, Inc.*, 979 F.2d at 64.

The Court perceives no good cause to set aside Mr. Suard's default. Mr. Suard personally executed a waiver of service that clearly stated that he was required to file an answer or motion within 60 days from September 2, 2016, or risk default.[48] The record before the Court does not reveal any excuse for Mr. Suard's delay in answering the complaint. The Court therefore finds that his failure to timely answer was willful and not the result of excusable neglect. *See CJC Holdings, Inc.*, 979 F.2d at 63-64 (affirming district court's finding of willful failure to answer where defendant missed deadline to answer by less than one month). Additionally, although Mr. Suard's answer generally denies plaintiff's allegations, he does not present any specific disputed facts or meritorious legal defenses.[49] Finally, the plaintiff will be prejudiced by any further delay in its ability to recover the amount due on its loan to Suard Barge Service. Although judgments by default are generally disfavored, Mr. Suard's failure to timely defend has made it impossible to

---

[48] R. Doc. 6 at 3.
[49] R. Doc. 20.

achieve a "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

As described above, after entry of default, plaintiff's well-pleaded factual allegations are deemed admitted. *See Hous. Nat'l Bank*, 515 F.2d at 1206. In a suit on a promissory note under Louisiana law, "the plaintiff must merely produce the note in question to make out a prima facie case." *Long v. Long*, 895 So. 2d 34, 39 (La. App. 5 Cir. 2005). Plaintiff has provided the Court with the promissory note executed by Suard Barge Service on January 12, 2010, promising to repay plaintiff the principal and interest on a $3,950,000 loan.[50] The complaint further outlines and documents Suard Barge Service's default on the loan agreement.[51] The Court therefore finds that plaintiff has adequately demonstrated that Suard Barge Service owes it a valid debt.

Plaintiff has also provided satisfactory documentation that Mr. Suard personally guaranteed plaintiff's loan to Suard Barge Service.[52] Under Louisiana law, guaranty agreements must be clearly expressed but "are subject to the same rules of interpretation as contracts in general." *Comar*

---

[50]   R. Doc. 11-4.
[51]   R. Doc. 1 at 13-15; R. Doc. 1-16; R. Doc 1-17.
[52]   R. Doc. 1-14; R. Doc. 11-3.

*Marine, Corp. v. Raider Marine Logistics, L.L.C.*, 792 F.3d 564, 578 (5th Cir. 2015) (quoting *Ferrell v. S. Cent. Bell Tel. Co.*, 403 So. 2d 698, 700 (La. 1981)). Courts must give legal effect to the intent of the parties as expressed in their written agreement. *Id.* The commercial guaranty signed by Mr. Suard in his individual capacity expresses a clear intent to be bound to repay all Suard Barge Service's debts to plaintiff "arising from any and all present and future loans," and including but not limited to the principal amount, "accrued unpaid interest thereon and all collection costs and legal expenses."[53] The guaranty agreement permits plaintiff to enforce the guaranty against Mr. Suard before exhausting its remedies against Suard Barge Service, other guarantors, or any collateral securing its loan.[54]

Further, plaintiff has shown that Mr. Suard granted it a valid security interest in Mr. Suard's boat named *Awesome*, bearing Louisiana Wildlife and Fisheries registration number LA-1345-EX and decal number 087039-04.[55] Plaintiff provided the Court with the commercial security agreement, which names Mr. Suard as the grantor and is signed by Mr. Suard in his individual capacity.[56] Because Mr. Suard has not challenged plaintiff's documents, the

---

[53] R. Doc. 1-14 at 1.
[54] *Id.*
[55] R. Doc. 11-5.
[56] *Id.* at 1, 5.

Court presumes his signature on these agreements to be authentic. *See* La. R.S. 10:3-308 (providing that the validity of a signature on a negotiable instrument is admitted unless specifically denied). Accordingly, the Court finds sufficient basis in the pleadings to enter default judgment against Mr. Suard.

### D. Relief Requested

Under the terms of Mr. Suard's personal guaranty, plaintiff is entitled to recover from him the full amount of Suard Barge Service's indebtedness, including the principal of the loan, accrued interest, and costs of collection and reasonable attorneys' fees.[57] Plaintiff requests damages against Mr. Suard in the principal amount of $3,006,077.03, accrued interest in the amount of $789,468.17, interest of $535.33 per day from August 24, 2017, life insurance premium payments in the amount of $3,507.30, vessel survey costs in the amount of $8,500.00, and costs, expenses, and attorneys' fees.[58]

After granting default judgment, it is the Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). The plaintiff is not entitled to have its allegations regarding damages accepted as

---

[57] R. Doc. 1-14 at 1.
[58] R. Doc. 19 at 2-3.

14

true. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). In the default judgment context, the Fifth Circuit has stated that "unliquidated damages normally are not awarded without an evidentiary hearing," but this rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (internal citation omitted). The district court has "wide latitude" to determine whether an evidentiary hearing is necessary. *Id.* at 310.

The Court finds that the amount owed by Mr. Suard is capable of mathematical calculation. Plaintiff provided the Court with documentation of the original $3,950,000 loan agreement,[59] plaintiff's demand letters to defendants regarding default on the loan,[60] updates on proceeds received by plaintiff from the sale of vessels owned by Suard Barge Service and Premier Services,[61] and the affidavits of Barton Blanco, plaintiff's Executive Vice

---

[59] R. Doc. 11-3; R. Doc. 11-4.
[60] R. Doc. 1-16, 1-17.
[61] R. Doc. 1 at 15; R. Doc. 19-1 at 3.

President, outlining the amounts still due under the loan.[62] Mr. Blanco represents that he has reviewed the loan documents and plaintiff's business records and that, as of August 24, 2017, Mr. Suard owed plaintiff $3,006,077.03 in principal, $789,468.17 in accrued interest, interest of $535.33 per day from August 24, 2017, and costs, expenses, and attorneys' fees.[63]

Plaintiff also requests reimbursement of life insurance premium payments and vessel survey costs.[64] The assignment of life insurance policy between plaintiff and Suard Barge Service states that any premium paid by plaintiff as assignee "shall become a part of the Liabilities hereby secured."[65] Mr. Blanco attests that the assignment of life insurance policy presented to the Court is a true and accurate copy of the insurance assignment agreement and that plaintiff is due $3,507.30 in life insurance premiums.[66] Under the term loan agreement, Suard Barge Service is also responsible for any reasonable expenses, costs, and charges related to a default on the agreement.[67] The preferred fleet mortgages allow plaintiff to survey the

---

62  R. Doc. 1 at 22-24; R. Doc. 11-2; R. Doc. 19-1.
63  R. Doc. 19-1 at 3-4.
64  *Id.*
65  R. Doc. 11-13 at 3.
66  R. Doc. 11-2 at 5, 7.
67  R. Doc. 11-3 at 10.

16

mortgaged vessels.[68]  Mr. Blanco attests that plaintiff is owed $8,500.00 in vessel survey costs.[69]

Defendant has not specifically contested plaintiff's calculations of the amount due, and the Court finds sufficient evidence in the record to support the amounts requested by plaintiff.  *See In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (finding no uncertainty about amounts due where complaint included specific dollar figures that were supported by affidavits); *Int'l Painters and Allied Trades Industry Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010) ("In ruling on such a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment.").

Plaintiff is also entitled to recover its collection costs and reasonable attorneys' fees from Mr. Suard.[70]  Plaintiff has indicated that it plans to file a motion after judgment under Federal Rule of Civil Procedure 54(d)(2) to establish the amount of its attorneys' fees.[71]  The Court will therefore defer its consideration of the amount of attorneys' fees at this time.

---

[68] R. Doc. 11-14 at 4; R. Doc. 11-15 at 3.
[69] R. Doc. 11-2 at 7.
[70] R Doc. 1-14.
[71] R. Doc. 21.

### E. Partial Final Judgment

Plaintiff requests partial final judgment against Mr. Suard under Rule 54(b) of the Federal Rules of Civil Procedure.[72] When multiple parties are involved in a civil action, Rule 54(b) permits a court to enter final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The determination of whether "there is no just reason for delay" is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). The district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (internal quotation omitted).

The Court finds that partial final judgment is appropriate in this matter. Plaintiff filed its complaint over one year ago.[73] Defendants Suard Barge Service and Premier Services have filed petitions for bankruptcy under Chapter 7,[74] which provides for a liquidation of assets. *See* 11 U.S.C. § 704(a). Moreover, Mr. Suard's guaranty agreement expressly allows plaintiff to

---

[72] R. Doc. 19-2 at 6.
[73] R. Doc. 1.
[74] R. Doc. 13; R. Doc. 14.

18

enforce the guaranty against Mr. Suard before exhausting its remedies against Suard Barge Service.[75]  Accordingly, the Court finds that there is no just reason for delay.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for entry of default judgment.  IT IS ORDERED that there be a judgment in favor of plaintiff against Defendant Louis O'Neil Suard, Jr. in the amount of $3,006,077.03 in principal, $789,468.17 in accrued interest, $3,507.30 in reimbursement for life insurance premiums, $8,500.00 for vessel survey costs, and interest in the sum of $535.33 per day from August 24, 2017.  Plaintiff is also entitled to costs, expenses and reasonable attorneys' fees in an amount to be determined by the Court at a later date.

IT IS FURTHER ORDERED that there be a judgment in favor of plaintiff against Louis O'Neil Suard, Jr. recognizing plaintiff as the holder of a valid and enforceable commercial security agreement dated December 20, 2001, under which plaintiff was granted a security interest in a certain 28-foot pleasure boat named *Awesome* and bearing Louisiana Wildlife and Fisheries registration number LA-1345-EX and decal number 087039-04.

---

[75]     R. Doc. 1-14 at 1.

IT IS FURTHER ORDERED that, because there is no just reason for delay, this judgment constitutes a final judgment against Louis O'Neil Suard Jr. under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff's claims against Suard Barge Service, Inc., Premier Services, Inc. and the vessels named as defendants in this matter are reserved and preserved.

New Orleans, Louisiana, this __11th__ day of September, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE