UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M C BANK AND TRUST COMPANY | CIVIL ACTION |
| VERSUS | NO. 16-14311 |
| SUARD BARGE SERVICE, INC., ET AL | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is plaintiff's motion for an award of attorneys' fees, costs, and expenses.[1] For the following reasons, the Court grants the motion.

**I.    BACKGROUND**

This case arises out of Defendant Suard Barge Service, Inc.'s default on a $3,950,000 loan provided by Plaintiff M C Bank & Trust Company.[2] The loan was guaranteed by Defendant Premier Services, Inc. and by Defendant Louis O'Neil Suard, Jr. in his individual capacity.[3] On May 9, 2017, Suard Barge Service and Premier Services each filed a notice of bankruptcy.[4] The

---

[1]    R. Doc. 25.
[2]    R. Doc. 1 at 2-4.
[3]    R. Doc. 23 at 2, 12-14.
[4]    R. Doc. 13; R. Doc. 14.

Court stayed this matter as to Suard Barge Service and Premier Services only.[5]

On September 11, 2017, the Court granted default judgment to plaintiff against Louis O'Neil Suard, Jr. in the amount of $3,006,077.03 in principal, $789,468.17 in accrued interest, $3,507.30 in reimbursement for life insurance premiums, $8,500.00 in vessel survey costs, and interest in the sum of $535.33 per day from August 24, 2017.[6] The Court's default judgment further stated that plaintiff is entitled to costs, expenses, and reasonable attorneys' fees in an amount to be determined at a later date.[7]

Plaintiff timely moved for an award of attorneys' fees, costs, and expenses.[8] Mr. Suard has not responded to plaintiff's motion.

## II. DISCUSSION

Under the terms of Mr. Suard's personal guaranty, plaintiff is entitled to recover from him the full amount of Suard Barge Service's indebtedness, including "all collection costs and legal expenses related thereto permitted by law, [and] reasonable attorneys' fees."[9] Plaintiff requests $63,806.97 in

---

[5] R. Doc. 15.
[6] R. Doc. 23; R. Doc. 24.
[7] R. Doc. 24.
[8] R. Doc. 25.
[9] R. Doc. 1-14 at 1.

2

attorneys' fees and costs, representing $61,936.25 in attorneys' fees and $1,870.72 in costs and expenses.[10] The Court has reviewed plaintiff's itemized costs and expenses and finds them justified.

Because plaintiff's right to attorneys' fees arises out of a guaranty agreement declared valid under Louisiana law, "[s]tate law controls both the award of and the reasonableness of" attorneys' fees. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Louisiana law, courts may inquire into the reasonableness of attorneys' fees and should consider: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation, (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge." *State v. Williamson*, 597 So. 2d 439, 442 (La. 1992).

These factors are derived from Rule 1.5(a) of the Louisiana Rules of Professional Conduct. *Id.* at 442 n.9. Among the factors listed in Rule 1.5(a) is "[t]he fee customarily charged in the locality for similar legal services." *Id.* The Court need not expressly consider all the factors, however, and may multiply the number of hours worked by an hourly rate the Court deems

---

10     R. Doc. 25-1 at 1.

reasonable. *See Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988).

The Court has reviewed line by line the itemized billing statement submitted by plaintiff and finds the hours expended to be reasonable. The billing statement and the record reflect that plaintiff's counsel reviewed extensive loan documentation involving mixed collateral and multiple guarantors, prepared a demand letter, researched the basis for federal jurisdiction, drafted the initial complaint, and prepared a successful motion for default judgment.[11] The billing records further indicate that plaintiff's counsel expended considerable time negotiating with Mr. Suard regarding a possible settlement, and working to collect on defendants' debt in related bankruptcy proceedings.

Further, the Court finds the requested hourly rates reasonable. The record reflects that three attorneys worked on this case: Richard Aguilar, Adam McNeil, and Mark Chaney.[12] Aguilar is a managing member of McGlinchey Stafford's New Orleans office, with over thirty years of experience in commercial litigation and bankruptcy law.[13] Aguilar spent

---

[11] R. Doc. 1; R. Doc. 1-17; R. Doc. 11.
[12] R. Doc. 11-18; R. Doc. 25-1 at 5-6.
[13] R. Doc. 25-1 at 5.

101.5 hours on this case, at a rate of $395 per hour.[14] McNeil has over seventeen years of experience in commercial and business litigation, with particular expertise in legal issues related to mortgaged vessels.[15] McNeil spent 7.5 hours on this matter, at a rate of $350 per hour.[16] Chaney is a 2014 law graduate and an associate in McGlinchey Stafford's commercial litigation section.[17] Chaney spent 84 hours on this case, at a rate of $225 per hour.[18]

The Court finds that the hourly rates requested are reasonable in light of the attorneys' experience and expertise. Plaintiff submits survey results from the National Law Journal's annual survey of law firm billing rates indicating that these hourly rates are within the range charged by similar New Orleans law firms.[19] The Court has approved similar hourly rates for attorneys with similar experience. *See, e.g.*, *DirectTV, LLC v. Ertem*, No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (approving hourly rates of $350/hour for partners and $250/hour for associates). Accordingly, the Court finds that plaintiff is entitled $61,936.25 in attorneys' fees and $1,870.72 in costs and expenses.

---

[14] R. Doc. 11-18; R. Doc. 25-1 at 5.
[15] R. Doc. 25-1 at 6.
[16] R. Doc. 11-18; R. Doc. 25-1 at 6.
[17] R. Doc. 25-1 at 6.
[18] R. Doc. 11-18; R. Doc. 25-1 at 6.
[19] R. Doc. 25-2.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorneys' fees and costs. IT IS ORDERED that there be a judgment in favor of plaintiff against Defendant Louis O'Neil Suard, Jr. in the amount of $63,806.97. Plaintiff reserves the right to seek additional fees and costs incurred in future collection efforts.

New Orleans, Louisiana, this __12th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE